Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 710 | **DATE** | 6/29/2004 |
| **CASE TITLE** | Raymond Pollak, M.D. vs. Board of Trustees of the University of Illinois, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court finds Pollak's claims barred by precedent within the Seventh Circuit and the State of Illinois, and the Motions to Dismiss of the Board of Trustees and the Individual Defendants are GRANTED.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUN 30 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 72 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| WAP | courtroom deputy's initials | 2004 JUN 29 PM 4:30 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS FILED
EASTERN DIVISION

JUN 2 9 2004

JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

RAYMOND POLLAK, M.D.,

    Plaintiff,

v.

Case No. 99 C 710

BOARD OF TRUSTEES OF THE
UNIVERSITY OF ILLINOIS, et
al.,

Hon. Harry D. Leinenweber

    Defendants.

DOCKETED
JUN 3 0 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Raymond Pollak, M.D. (hereinafter, "Pollak") filed both qui tam and individual claims against Defendants Board of Trustees of the University of Illinois (hereinafter, the "BOT") and several of his former supervisors (hereinafter, the "Individual Defendants") under the federal False Claims Act (the "FCA"), 31 U.S.C. § 3729 and the Illinois Whistleblower Recovery and Protection Act (the "IWRPA"), 740 ILCS 175/4. The United States and the State of Illinois intervened in the qui tam actions, and settled these claims against the BOT, leaving only Pollak's private claims for retaliation outstanding. These claims are based on 31 U.S.C. § 3730(h) and 740 ILCS 175/4(g), respectively. The BOT and the Individual Defendants have each moved to dismiss the remainder of Pollak's case in its entirety on Eleventh Amendment grounds.

# I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires that "[a] pleading which sets forth a claim for relief, . . . shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A motion to dismiss under Rule 12(b)(6) tests whether the plaintiff has properly stated a claim upon which relief could be granted, not whether the plaintiff will ultimately prevail on the merits. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In ruling on a motion to dismiss, a court must construe all well-pleaded allegations of the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Id.* A motion to dismiss will not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

# II. DISCUSSION

## A. Claims against the BOT

By suing the BOT, Pollak has invoked serious Eleventh Amendment concerns. The Eleventh Amendment protects states and "arms of the states" from suit in federal court absent their consent or Congress' explicit decision to confer jurisdiction. *Benning v. Board of Regents*, 928 F.2d 775, 777 (7th Cir. 1991).

In Cannon v. University of Health Sciences/Chicago Medical School, 710 F.2d 351 (7th Cir. 1983) the Seventh Circuit held that

the BOT qualified as an "arm of the state" for Eleventh Amendment purposes, barring a suit against it in federal court. Canon has been consistently upheld by numerous decisions within the Seventh Circuit and its subservient district courts. See Kaimowitz v. Bd. of Trustees of the University of Illinois, 951 F.2d 765, 767 (7th Cir. 1991); Goshtashby v. Bd. of Trustees of the University of Illinois, 123 F.3d 427 (7th Cir. 1997); McMiller v. Bd. of Trustees of the Univ. of Illinois, 275 F. Supp. 2d 974, 979 (N.D. Ill. 2003). Similarly, state courts within Illinois have also held that the BOT qualifies as an arm of the state for sovereign immunity purposes. See Ellis v. Board of Governors of State Colleges & Universities, 102 Ill. 2d 387, 393 (1984).

Pollak hopes to overcome this precedential case law by asking the Court to revisit the reasoning underpinning Canon. Pollak argues that, although the BOT qualified as an arm of the state circa Canon in 1984, it does not necessarily follow that it remains an arm of the state in perpetuity. To support this argument, Pollak notes that the State of Illinois now contributes a significantly smaller portion of the BOT's budget than it did in 1984. Additionally, Pollak points out that some of our sister courts have rejected claims that state universities qualify as arms of the state when the state at issue contributed a significantly higher share of the university budget than Illinois does here. See Kovats v. Rutgers, 822 F.2d 1303 (3rd Cir. 1987); Honadle v.

University of Vermont, 115 F. Supp. 2d 468 (D. Vt. 2000). Accordingly, Pollak urges the Court to conduct a "fact intensive inquiry" to determine whether or not the BOT still qualifies as an arm of the state, and not blindly follow Canon and its progeny.

Pollak makes a cogent point that the designation of an agency or organization as an arm of the state is not immutable. Certainly, the Court can envision circumstances in which an agency so designated would lose its sovereign immunity protection upon acquiring significant autonomy from the State or ceasing to depend on the State for financial support. In the most obvious example, if a State totally privatizes a once public college or hospital, the newly private body would indisputably lose its privileged status.

That being said, in the absence of such a clear change of status here, the Court does not believe it appropriate for the District Court to engage in Pollak's requested fact-intensive inquiry. The Court notes that it has received precedential guidance on this question from the Seventh Circuit as recently as 1997. In the intermediate time, Pollak has shown nothing so extreme as to warrant this Court from engaging in the judicial hubris of attempting to overrule a higher authority. If Pollak wishes to reargue the BOT's status as an arm of the state, he may do so within the appropriate forum of the Seventh Circuit upon

appeal. As of now, the Court finds that BOT still qualifies as an arm of the state under the Eleventh Amendment.

Pollak makes two other arguments that he believes permits his claims to survive. First, Pollak contends that the BOT waived its right to claim sovereign immunity when the State of Illinois intervened and settled the qui tam claims originally filed by Pollak. Alternatively, Pollak argues that the intervention of the United States in the qui tam action voided any claim that the BOT had to invoke sovereign immunity. These arguments are without merit. To begin with, although the United States and the State of Illinois intervened and settled the qui tam claims, they expressly declined to intervene (nor arguably, could they intervene) in the at-issue retaliation claims. Furthermore, the settlement agreement that resolved the qui tam claims provided that the BOT "expressly reserves any and all defenses to any and all remaining counts of the Civil Action." Ergo, the BOT specifically refused to waive its sovereign immunity defense and, in the settlement agreement, the United States and the State of Illinois consented to permit the BOT to retain these defenses.

As a result, the Court finds that sovereign immunity protects the BOT from suit under both the FCA and the IWRPA.

### B. Claims against the Individual Defendants

In addition to the BOT, Pollak has sued the Individual Defendants in both their official and individual capacities. With

respect to suing the Individual Defendants in their official capacities, Pollak runs afoul of the same Eleventh Amendment concerns that preclude him from maintaining a suit against the BOT. Therefore, for the same Eleventh Amendment reasons as discussed above, the Court dismisses Pollak's suit against the Individual Defendants in their official capacities.

With respect to his suit against the Individual Defendants in their individual capacities, Pollak does not face an Eleventh Amendment bar. Nevertheless, these claims also lack merit, as Pollak fails to establish that the FCA even authorizes him to file such a suit. The Court notes that, unlike other federal statutes, 31 U.S.C. § 3730(h) of the FCA imposes liability only upon "employers," not any person who could conceivably retaliate against a whistleblower. Although the Seventh Circuit has never addressed this issue, our sister courts have uniformly held that supervisors, such as the Individual Defendants, do not qualify as "employers" subject to liability under the FCA. See United States, ex rel. Golden v. Arkansas Game & Fish Commission, 333 F.3d 867, 871 (8th Cir. 2003), cert. denied, 157 L.Ed. 2d 894 (2004); United States, ex rel. Siewick v. Jamieson Science and Engineering, Inc., 322 F.3d 738, 740 (D.C. Cir. 2003); United States, ex rel. Wilkins v. Ohio, 885 F. Supp. 1055 (S.D. Ohio 1995); United States, ex rel. McVey v. Bd. of Regents, 165 F. Supp. 2d 1052, 1056 (N.D. Cal. 2001). Pollak gives this Court no reason to doubt that the Seventh

Circuit, should it ever address this issue, would reach a different conclusion than every other court that has ever considered it.

The Court therefore dismisses Pollak's FCA claims against the Individual Defendants. As a result of this dismissal, combined with the Court's dismissal of the FCA claims against the BOT, Pollak no longer has any federal claims pending. This, in turn, prevents the Court from exercising supplemental jurisdiction over any IWRPA claims Pollak might have against the Individual Defendants (such claims against the BOT having been dismissed due to the BOT's sovereign immunity). Therefore, the Court also dismisses the IWRPA claims against the Individual Defendants.

## CONCLUSION

For the reasons stated herein, the Court finds Pollak's claims barred by precedent within the Seventh Circuit and the State of Illinois, and the Motions to Dismiss of the BOT and the Individual Defendants are **GRANTED**.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: June 29 2004